# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIS JOHN CABRERA,<br><br>        Plaintiff,<br><br>    v.<br><br>THOMAS M. MADDOCK, et al.,<br><br>        Defendants.<br>_____/ | CASE NO.   1:10-cv-611-OWW-MJS (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(Doc. 3) |

Plaintiff Elvis John Cabrera ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's Motion for Appointment of Counsel (Doc. 3).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the Court does not find the required exceptional circumstances. <u>See</u> <u>Rand</u>, 113 F.3d at 1525. Even if it is assumed that Plaintiff is not well-versed in the

1 | law and that he has made serious allegations which, if proved, would entitle him to relief,
2 | his case is not exceptional.  This Court is faced with similar cases almost daily.
3 |       Accordingly, Plaintiff's Motion for Appointment of Counsel (Doc. 3) is DENIED.

6 | IT IS SO ORDERED.
7 | Dated:   June 16, 2010                    /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE